FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

2018 JUL -2 AM 11: 45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

KELTON RADER-BRYDEN,

    Plaintiff,
v.

5:18-Cv-335-OC-30PRL

CORPORAL EVANS,
JALISA NELAMS, and
SHERIFF PEYTON C. GRINNELL,
in his Official Capacity,
    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Kelton Rader-Bryden (Bryden), by and through the undersigned counsel, files this Complaint for damages against Defendants, Corporal Evans ("Evans"), Jalisa Nelams ("Nelams"), and Peyton C. Grinnell ("Sheriff") and states:

### Jurisdiction and Venue

1. The subject cause of action occurred at Lake County Jail, Tavares, Florida.

2. This is an action arising under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment of the United States Constitution, and Florida State Law. The Court has jurisdiction under 28 U.S.C. §§ 1331 & 1367.

### Parties

3. Bryden (inmate number 129167) is a resident of Lake County, Florida and was incarcerated at the Lake County Jail from October 21, 2016 through November 19, 2016.

4. At all times relevant herein, Evans was a correctional officer employed by the Lake County Sheriff's Office. Evans is being sued individually.

5. At all times relevant herein, Jalisa Nelams was a licensed practical nurse providing medical care to inmates at the Lake County Jail through a private healthcare contractor, Armor Correctional Health Services, Inc. Nurse Nelams is being sued individually.

6. At the time of the occurrence, Gary S. Borders was the Lake County Sheriff.

7. On January 1, 2017, Peyton C. Grinnell took over as Lake County Sheriff. He is being sued in his official capacity

## General Allegations

8. On November 13, 2016, Bryden was incarcerated in the Lake County Jail.

9. On November 13, 2016, Bryden was scheduled to work in the kitchen.

10. When he arrived at the work room to pick up the boots he was required to wear on his job in the kitchen. The Jail did not have Bryden's size boots.

10. Instead, Bryden was forced to wear a size 14 boot, which provided no stability for his footing.

11. Bryden was working in the kitchen when he slipped and fell because the kitchen floor was slippery with water, soap and food. The fall occurred on or before noon.

12. During the fall, Bryden struck his shoulder and felt tremendous pain and a pop in his left collar bone.

13. His collar bone was depressed and the deformity was visible to the naked eye.

14. Because of the severe pain, Bryden cursed. He explained to Evans that his collar bone was broken. Evans looked at the collar bone. Bryden showed Evans the deformity, and he ignored Bryden's complaints. Instead, Evans only concern was that Bryden cursed.

15. Around 1:00 p.m. Nelams came and saw Bryden. He told Nelams that he was in severe pain and that his collar bone was broken. He showed her a depression in the middle of the bone. Nelams did not take Bryden to the medical department. She did nothing for Bryden except provide a Tylenol or Ibruprofen.

16. In the afternoon, Bryden's grandfather called the Jail and spoke with Evans. He again explained to Evans that Bryden's collar bone was broken and Evans ignored Bryden's grandfather's complaints.

17. On November 14, 2016, at approximately 8:30 a.m., 19 and one-half hours after Nelams saw the broken collar bone and ignored Bryden's complaints, he had an x-ray.

18. The x-ray showed a completely displaced fracture of the left clavicle.

19. Bryden was transported to Leesburg Regional Medical Center. In the hospital, Bryden was unable to raise his left arm. He was prescribed Toradol, a prescription strength non-steroidal anti-inflammatory medication. The physician also placed him in a sling.

20. On November 16, 2016, Bryden was taken to Radnothy-Perry Orthopaedics for an evaluation. The examination noted instability of the fracture. Dr. Radnothy reviewed the x-rays and told the patient to return in one week for possible surgery scheduling.

21. In order to wash its hands of the situation, the Lake County Jail released Bryden on November 19, 2016, which was earlier than expected.

22. Bryden made an appointment to follow-up with Dr. Radnothy the week of Thanksgiving. When he arrived at Radnothy's office, they would not see him because the jail would not pay for the care and the office did not take Bryden's medical insurance.

23. Bryden immediately contacted his insurance in an attempt to find an orthopedic doctor. His insurance eventually placed him with Dr. Mariano in Ocala.

24. On December 7, 2016, because of increased pain in the collar bone, Bryden returned to Leesburg Regional Medical Center once again for treatment.

25. Dr. Mariano examined Bryden on December 20, 2016. After the examination, Dr. Mariano said that the collar bone required surgery but she couldn't recommend at that time because too much time elapsed between the injury and consultation.

26. Bryden's collar bone is deformed, he experiences continued shoulder pain, and he suffers with depression because of the event.

27. At all times relevant herein, Bryden had a displaced clavicle fracture which is an objective serious medical need.

28. Bryden has complied with all statutory conditions precedent.

## Count I – Deliberate Indifference - Evans

29. Bryden incorporates rhetorical paragraphs 1-28 herein.

30. From the moment of Bryden's fall, his objective presentation documented an objective serious medical need.

31. Evans was subjectively aware of the deformity, pain and debilitation that Bryden experienced, and he refused to provide medical attention and care to ameliorate Bryden's condition.

32. Evans was subjectively aware of the risks and complications of failing to provide timely medical attention to a broken collar bone including severe pain, further displacement of the fracture, that would lead to a lifetime of pain, loss of function and the inability to fully use the affected upper extremity.

33. Evans' actions were willful and wanton and showed deliberate indifference to Bryden's serious medical need in violation of the Fourteenth Amendment.

34. As a direct and proximate result of Evans' deliberate indifference, Bryden suffered excruciating pain, debilitation, loss of full function in his left upper extremity, and suffers with depression.

WHEREFORE, Bryden demands judgment against Evans for compensatory damages, punitive damages, attorney's fees pursuant to 42 USC §1988, costs and all other just and proper relief.

## Count II – Deliberate Indifference Nurse Nelams

35. Bryden incorporates rhetorical paragraphs 1-28 herein.

36. From the moment of Bryden's fall, his objective presentation documented an objective serious medical need.

37. Nelams was subjectively aware of the deformity, pain and debilitation that Bryden experienced and she refused to provide medical attention and care to ameliorate Bryden's condition.

38. Nelams was subjectively aware of the risks and complications of failing to provide timely medical attention to a broken collar bone including severe pain, further displacement of the fracture, that would lead to a lifetime of pain, loss of function and the inability to fully use the affected upper extremity.

39. Nelams' actions were willful and wanton and showed deliberate indifference to Bryden's serious medical need in violation of the Fourteenth Amendment.

40. As a direct and proximate result of deliberate indifference of Nelams, Bryden suffered excruciating pain, debilitation, loss of full function in his left upper extremity, and suffers with depression.

WHEREFORE, Bryden demands judgment against Nelams for compensatory damages, punitive damages, attorney's fees pursuant to 42 USC §1988, costs and all other just and proper relief.

## Count III - Negligence

41. Bryden incorporates by reference paragraphs 1-28 herein.

42. The Sheriff owed detainee's, such as Plaintiff, a duty to provide proper fitting work boots and supplies to detainee workers, and keep the Jail's kitchen safe from dangerous conditions such as excessive food, soap and water.

43. The Sheriff breached its duty of care, in one or more of the following ways:

   (a) failing to provide work boots to kitchen workers that fit; and/or
   (b) failing to provide a safe environment for kitchen workers;

44. As a direct and proximate result of the Sheriff's negligence, Plaintiff has suffered temporary and permanent physical and emotion injuries, lost income, and experienced pain in the past and continues to experience pain.

WHEREFORE, Bryden demands judgment against the Sheriff for compensatory damages, and all other just and proper relief.

## Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,

_____
Guy S. DiMartino
Fla. Bar. No. 0451827
Guy S. DiMartino, DC, JD, PA
918 W. Main Street
Leesburg, FL 34748
(352) 267-9168 – Phone
(866) 887-3026 – Fax
gsd@gsdimartino.com - Email

7